IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:08-CR-56-BO
NO. 5:16-CV-728-BO

| | |
|---|---|
| MARIA EUGENIA RODRIGU RUBIO, )<br>                Petitioner, )<br>                           )<br>v.                            )<br>                           )<br>UNITED STATES OF AMERICA, )<br>                Respondent. ) | **ORDER** |

This matter is before the Court on petitioner's motion pursuant to 28 U.S.C. § 2255. The government has moved to dismiss the petition, and the matter is ripe for ruling. For the reasons discussed below, the government's motion to dismiss is granted and the § 2255 petition is dismissed.

## BACKGROUND

After pleading guilty pursuant to a plea agreement to conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 846, petitioner, Maria Rubio, was sentenced on July 1, 2008, to a term of 120 months' imprisonment. Petitioner noticed a direct appeal, and the court of appeals dismissed petitioner's appeal on a motion without opposition by order filed August 5, 2008. Petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255 on August 4, 2016, alleging that she received the ineffective assistance of counsel in violation of the Sixth Amendment when counsel failed to argue for a minor role reduction under the advisory Sentencing Guidelines and failed to file a direct appeal

when asked to do so. The government has moved to dismiss petitioner's § 2255 motion for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Petitioner has failed to respond to the motion to dismiss.

## DISCUSSION

A Rule 12(b)(6) motion must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also* Rule 12, Rules Governing Section 2255 Proceedings (Rules of Civil Procedure apply to section 2255 proceedings).

A motion to vacate under § 2255 must be filed within one year of the latest of four triggering events: (1) the date the judgment of conviction becomes final; (2) the date on which an impediment to making a motion that is created by the government is removed; (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on collateral review; or (4) the date on which new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f)(1)–(4).

Because petitioner filed a direct appeal, her conviction became final sixty-nine days from the issuance of the mandate of the court of appeals on August 5, 2008. *See Clay v. United States*, 537 U.S. 522, 525 (2003). Her § 2255 motion is therefore well-outside the filing period provided by § 2255(f)(1). Petitioner does not appear to rely on any other provision of § 2255(f) as she has not identified any government impediment which has been removed, she has not relied on a Supreme Court decision made applicable retroactively, nor has she identified any new facts discovered through due diligence to support her claim. Her § 2255 petition is therefore untimely.

While equitable tolling is available to toll the limitations period in this context, *see Holland v. Florida*, 560 U.S. 631, 649 (2010), petitioner has identified no basis upon which to

2

invoke equitable tolling. Further, petitioner has failed to state claims upon which relief can be granted and her petition, if timely, would be properly dismissed.

Petitioner's claims relate to the alleged ineffective assistance of counsel. In order to demonstrate that the assistance of counsel was ineffective, a petitioner must show (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness" and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Petitioner, relying on *United States v. Quintero-Leyva*, 823 F.3d 519, 522 (9th Cir. 2016), first contends that her trial counsel was ineffective for failing to argue that her advisory Guidelines range should be reduced by two levels based on a minor role in the offense. First, the case on which petitioner relies held that an amendment to the Sentencing Guidelines regarding the minor role reduction is applicable retroactively to cases on direct appeal; as petitioner is challenging her sentence under § 2255, *Quintero-Leyva* is inapposite. Second, petitioner's counsel did argue at sentencing that petitioner's role in the offense was minor and that her Guideline range should be reduced accordingly. [DE 18-2]. Petitioner cannot therefore demonstrate deficient performance as to this claim.

Petitioner's next contends that she received the ineffective assistance of counsel when she asked her trial counsel to appeal and he failed to do so. The record reflects that a timely notice of appeal was filed by petitioner, [DE 24], and that she was appointed counsel in the court of appeals. *United States v. Rubio*, No. 08-4746 (4th Cir. July 23, 2008). Petitioner cannot

3

therefore demonstrate prejudice as her appeal was filed and she had an opportunity to present her arguments to the court of appeals.[1]

In sum, petitioner's § 2255 motion is untimely, she has not demonstrated a basis for equitable tolling of the limitations period, and she has failed to state a claim upon which relief could be granted. The government's motion to dismiss is granted.

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

---

[1] The Court recognizes that petitioner and her counsel represented to the court of appeals that the notice of appeal was not filed by petitioner and was likely filed by a family member without petitioner's knowledge. No. 08-4746, [DE 4, 14]. Once her appeal was filed, however, petitioner had the opportunity to present any arguments she wished to the court of appeals and failed to do so. Further, petitioner purportedly signed the motion for dismissal of her appeal, and she has not argued herein that she in fact did not consent to dismissal.

4

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE 40] is GRANTED and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 34 & 37] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this 27 day of February, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE